ACCEPTED
13-15-00208-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/6/2015 2:22:31 PM
CECILE FOY GSANGER
CLERK

CAUSES 13-15-00208-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/6/2015 2:22:31 PM
CECILE FOY GSANGER
Clerk

**VIRGINIA FAYE HOLLOWAY,** APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

**APPELLANT'S BRIEF**

Trial Cause 14-7-9253

Jackson Co. District Court

Submitted by

W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659

ORAL ARGUMENT **NOT** REQUESTED

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant was represented at trial by Ms. Brenna Crane, Attorney at Law, 302 West Forrest Street, Victoria, TX 77901.  Appellant is represented on appeal by Mr. W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, TX 77903-7422.

During trial, appellant was a resident of Victoria County, Texas.  Appellant is now incarcerated in IDTDCJ.

The State was represented at trial by Mr. Robert E. Bell, D.A. and Ms. Pam Guenther, A.D.A. of the Jackson County District Attorney's Office, 115 W. Main Street, Room 205, Edna, TX 77957.  Appellant anticipates that Mr. Jim Vollers, Attorney at Law, 2201 Westover Road, Austin, TX 78703, will handle the State's reply brief in this cause.

# TABLE OF CONTENTS

|                                                  | Page |
| ------------------------------------------------ | ---- |
| Index of Authorities                             | 4    |
| Appellant's Brief                                | 5    |
| Statement of Case and Statement of Facts         | 5    |
| Issue Presented                                  | 6    |
| Summary of Argument                              | 7    |
| Argument                                         | 7    |
| *Sole Issue*                                     | 7    |
| Prayer                                           | 9    |
| Certificate of Service                           | 9-10 |
| Certificate of Compliance                        | 10   |

INDEX OF AUTHORITIES

*Cases*                                                                 *Page*

*Coker v. Georgia,* 433 U.S. 584 (1977)                                    8

*Solem v. Helm,* 463 U.S. 277 (1983)                                       8

*Trop v. Dulles,* 356 U.S. 86 (1958)                                       9

*Weems v. United States,* 217 U.S. 349 (1910)                             8


*Constitutional Provisions*

*U.S. Const.* amend VIII                                                   8

CAUSE 13-15-00208-CR
Trial Cause 14-7-9253

VIRGINIA FAYE HOLLOWAY, *Appellant*    IN THE THIRTEENTH

VS.                                    COURT OF APPEALS AT

THE STATE OF TEXAS                     CORPUS CHRISTI, TEXAS


<u>APPELLANT'S BRIEF</u>

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, VIRGINIA FAYE HOLLOWAY, through counsel, W. A. (BILL) WHITE, Attorney at Law, showing:

<u>STATEMENT OF CASE AND STATEMENT OF FACTS</u>

Appellant was indicted in July 2014 for felony DWI. The indictment alleged a prior felony conviction in an enhancement paragraph, making the offense one of repeat felony offender, a second degree felony (2 to 20 years in IDTDCJ and up to a $10,000 fine). (RR Vol. 2, pp. 4-10).

Four previous DWI convictions were used to initially enhance the instant offense, normally a misdemeanor, into a felony. The indicted DWI was

5

alleged to have occurred on or about 6/09/14 in Jackson County, Texas.

Appellant, with the assistance of counsel, pled "guilty" to her indictment without plea agreement on 2/17/15 in open court, and "true" to all enhancement paragraphs. (RR Vol. 2, p. 5 and 9).  Appellant also waived her right to a jury on guilt/innocence. (RR Vol. 2, p. 4, lines 18-21).

The issue of punishment was tried before the bench on 2/18/15. (RR Vol. 3).  Both sides presented evidence.  At the conclusion of evidence and argument, the trial court assessed punishment at 10 years IDTDCJ plus court costs. (RR Vol. 3, pp. 49-50).  Appellant appealed.


## ISSUE PRESENTED

APPELLANT'S SENTENCE OF 10 YEARS IN PRISON CONSTITUTES
CRUEL AND UNUSUAL PUNISHMENT

## SUMMARY OF ARGUMENT

Appellant is an alcoholic who should have received a prison sentence shorter than 10 years under evolving standards of decency echoed in the eighth amendment.

## ARGUMENT

### *SOLE ISSUE*

Testimony at the punishment phase revealed an older woman with a long history of alcoholism. Appellant had a history of numerous contacts with law enforcement involving alcohol abuse and sometimes firearms. She can be heard during and after her arrest on 6/09/14, talking loudly and drunkenly in the patrol car which transported her to the Jackson County jail. (RR, SX-6)

Appellant's trial lawyer argued that appellant should be given the minimum sentence allowed by law in this cause, only 2 years in prison. (RR Vol. 3, pp. 48-49).

Appellant concedes that no objection on cruel and unusual punishment grounds was lodged by trial counsel

when she was sentenced to 10 years in prison.  This being said, her sentence is disproportionate to her crime.

The constitutional principal of proportionality has been recognized explicitly in the U.S. Supreme Court for over a hundred years. *See generally Weems v. United States,* 217 U.S. 349 (1910).  A criminal sentence must be proportionate to the crime for which the defendant has been convicted. *Solem v. Helm,* 463 U.S. 277, 291 (1983).  A court must consider the severity of the penalty in deciding whether it is disproportionate. *See, e.g., Coker v. Georgia,* 433 U.S. 584, 598 (1977). The prohibition against cruel and unusual punishment is contained in the eighth amendment to the federal constitution. See *U.S. Const.* amend VIII.

Given that alcoholism is a disease, appellant should have received less than 10 years in prison. While alcoholism has a behavioral component (i.e., the afflicted chooses to drink), it is still a sickness, and so is different from crimes such as theft or

assault, which are criminalized violations of moral codes common to all societies and cultures.

Applying the evolving standards of decency that mark the progress of a maturing society [*see generally Trop v. Dulles,* 356 U.S. 86 (1958)], appellant's prison sentence in this cause should be vacated and rendered for less than 10 years.

## PRAYER

Appellant prays that her sentence be vacated in this cause and rendered for less than 10 years.

Respectfully submitted,

*/s/ W. A. White*
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659

## CERTIFICATE OF SERVICE

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Mr. Robert E. Bell, D.A., Jackson Co. District Attorney's Office, 115 W. Main Street, Room 205, Edna, TX 77957

via U.S. mail, fax, electronic delivery, or hand-delivery on this the 6th day of July 2015.

/s/ *W. A. White*
W. A. White


## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 980 words.

/s/ *W. A. White*
W. A. White